STATE OF MAINE

CUMBERLAND, ss.



SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP 03-48

GENEVIEVE LANGILLE,
PERSONAL REPRESENTATIVE
OF THE ESTATE OF BERTHA M.
LANGILLE,

DONALD L. GARBRECHT
LAW LIBRARY

SEP 30 2003

        Plaintiff

    v.

**ORDER**

MICHAEL W. LEWIS,

        Defendant

The matters before this court are Defendant's motions to stay the Writ of Possession and for relief from judgment pursuant to M. R. Civ. P. 60 and M. R. Civ. P. 80D. Also, before this court are Plaintiff's motions to lift the stay of the Writ of Possession and dismiss the Defendant's appeal with prejudice.

## FACTS

Defendant Michael Lewis, an over-the-road trucker, resided with his grandmother at 84 Sabbady Point Road in Windham, Maine. After his grandmother's death, Defendant remained at the residence pursuant to the request contained in his grandmother's will. During the probate proceeding of the will, however, it was ordered that the personal representative of the estate sell the grandmother's residence. The Defendant remained living at the residence during the personal representative's attempts to sell the home.

At various points during this process Attorney Frank, Plaintiff Genevieve Langille's attorney, corresponded with Attorney Bowie, Defendant's attorney. Attorney Frank informed Attorney Bowie that she possibly would be filing an eviction

proceeding against the Defendant. Attorney Frank followed through on this assertion and filed a complaint in the District Court. On April 8, 2003, a notice was delivered to Attorney Bowie accompanied with a courtesy copy of this complaint and a request that he accept service for the Defendant. Attorney Bowie, however, was unable to contact the Defendant before the scheduled return date, because he was working out of state. Thus, Attorney Bowie's legal assistant informed Attorney Frank that Attorney Bowie was not in a position to accept service for the defendant.[1]

After the conversation with Attorney Bowie's legal assistant, Attorney Frank requested that the Cumberland County Sheriff's Department make service upon the Defendant. These attempts to make service failed. Consequently, Attorney Frank filed a motion in the District Court requesting approval to use alternative service of process methods. This request was granted by the District Court and the prescribed method of service was completed on June 5, 2003. Despite this, the Defendant and Attorney Bowie were not present at the hearing on July 19, 2003. Thus, a default judgment was entered against the Defendant and a Writ of Possession was issued to the Plaintiff on July 1, 2003. The Defendant appealed this judgment to the Cumberland County Superior Court.

## DISCUSSION

Appeals from the District Court are reviewed for questions of law only. M. R. Civ. P. 76D. The decision of the District Court must be affirmed if there is any competent or credible evidence in the record to support the decision and can be

---

[1] Attorney Bowie states in his affidavit that his legal assistant, Marcia Thibeault, called Attorney Frank to advise her that they were not in a position to accept service because they had not been able to contact the Defendant, and was informed by Attorney Frank that the pending forcible entry and detainer action had been withdrawn. (Attorney Bowie's Aff. at ¶ 12.)

reversed only if assumed findings of the lower court were clearly erroneous. Tarbuck v. Jaeckel, 2000 ME 105, ¶ 17, 752 A.2d 176, 181.

First, the Defendant asserts that the Plaintiff failed to timely respond to his motion to stay and for relief from judgment dated July 17, 2003. On August 13, 2003, more than 21 days after the filing of the Defendant's motion, Plaintiff filed an opposition to the motion. The Defendant's motion, however, was void of the proper and required notice provision.[2] Hence, this court finds that the Plaintiff is not "deemed to have waived all objections to the [Defendant's] motion" and may be heard by this court. M. R. Civ. P. 7(c)(3).

Next, the Defendant contends that he is entitled to relief from judgment based on insufficient service of process. The Law Court has stated that "'[p]rocess which is a mere gesture is not due process,' but service of process comports with the requirements of due process when it is 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Roy v. Buckley, 1997 ME 155, ¶ 12, 698 A.2d 497, 502 (citing Mullane v. Central Hanover Ban & Trust Co., 339 U.S. 306, 314-15, 70 S. Ct. 652, 657, 94 L. Ed. 865, 873 (1950)). "In other words, notice 'cannot be given by methods or under circumstances which the giver of notice could reasonably anticipate will be ineffective in communicating knowledge to the person . . . entitled to receive notice." Roy 1997 ME 155 at ¶ 12, 698 A.2d at 502 (citing Cummings v. Town of Oakland, 430 A.2d 825, 831 (Me. 1981)). Overall, "[t]he fundamental requisite of due process of law is the opportunity to be heard." Mullane, 339 U.S. at 314 (quoting Grannis v. Ordean, 234 U.S. 385, 394, 34 S. Ct. 779, 783, 58 L. Ed. 1363, 1369 (1914)).

---

[2] "If the notice is not included in the motion, the opposing party may be heard even though matter in opposition has not been timely filed." M. R. Civ. P. 7(b)(1)(A).

Attorney Frank contends that she effectively served the Defendant by following the procedures in M. R. Civ. P. 4(d)(1).[3] The only notice given to the Defendant and Attorney Bowie, however, was after the Defendant was served with the Writ of Possession in late July 2003.[4] Consequently, the Defendant and Attorney Bowie were never provided with adequate notification or an opportunity to present their objections to the forcible entry and detainer action. Hence, this court finds that Attorney Frank's failure to properly serve the Defendant constituted insufficient service of process, and violated the fundamental requisites of due process.

WHEREFORE, this court shall **GRANT** Defendant's relief from default judgment, pursuant to M. R. Civ. P. 60 and M. R. Civ. P. 80D, and remand the case to the District Court for further proceedings, pursuant to M. R. Civ. P. 76D. This court shall also **GRANT** Defendant's motion to stay and require that the Defendant pay adequate rent into an escrow account in an amount that the parties should agree upon. If the parties should fail to agree, the court shall set an adequate amount.

Dated: September 23, 2003

Roland A. Cole
Justice, Superior Court

---

[3] "The court, on motion, upon a showing that [personal] service as prescribed above cannot be made with due diligence, may order service to be made by leaving a copy of the summons and the complaint at the defendant's dwelling house or usual place of abode . . ." M. R. Civ. P. 4(d)(1).

[4] Attorney Bowie states in his affidavit that he and the Defendant were never properly served or made aware of the request and determination of the District Court regarding the institution of alternative service of process methods. (Attorney Bowie's Aff. at ¶¶ 21-2.)

Date Filed 07-13-03     Cumberland     Docket No. AP-03-48

County

Action   Appeal from Lower Court

GENEVIEVE LANGILLE, PR OF THE
ESTATE OF BERTHA M. LANGILLE

MICHAEL W. LEWIS

vs.

Plaintiff's Attorney
  Erika L. Frank Esq.
  840 Roosevelt Trail
  Windham, ME   04062

Defendant's Attorney
  James M. Bowie, Esq.
  Thompson & Bowie, LLP
  Three Canal Plaz
  P.O. Box 4630
  Portland, ME   04112
  (207) 774-2500